**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

IN RE:

DAVID WELSH,                                                              CASE NO.:  07-30576-LMK

   Debtor.                                                                       CHAPTER:  13
_____/

### ORDER DENYING DEBTOR'S MOTION TO SET ASIDE REQUIREMENTS TO OBTAIN BUDGET AND CREDIT COUNSELING AND DISMISSING CASE

THIS MATTER is before the Court on the Debtor's Motion To Set Aside Requirements to Obtain Budget and Credit Counseling (the "Motion") (Doc. 5).  The Motion and the Debtor's Statement of Compliance with Credit Counseling Requirement ("Exhibit D") (Doc. 4) were filed with the voluntary Chapter 13 petition on June 19, 2007.  Exhibit D asserts that the Debtor is not required to receive credit counseling under 11 U.S.C. § 109(h)(4) because of incapacity, disability, or active military duty in a military combat zone; however, the Debtor's Motion makes no suggestion that he is incapacitated, disabled, or on active military duty.  Rather, the Motion states that he completed credit counseling in October of 2006[1], explains why his previous case was dismissed, and states that the present case was filed to save his home.

In order to be eligible for bankruptcy relief, individuals must receive a briefing from an approved nonprofit budget and credit counseling agency during the 180-day period preceding the date of the filing of the petition.  11 U.S.C. § 109(h).  In this case, the Debtor has not received the required credit counseling during the 180-day period.  A debtor may seek a 30-day exemption from the credit counseling requirement by submitting to the Court a certification that (1) describes exigent circumstances that merit a waiver of the credit counseling requirement, (2) states that the Debtor requested, but was unable to obtain, credit counseling during the 5-day

---

[1] The Debtor actually received credit counseling on August 16, 2006.  *See* Case No. 06-30510-LMK, Doc. 4.

1

period beginning on the date on which the debtor made the request, and (3) is satisfactory to the Court.  11 U.S.C. § 109(h)(3).  Here, the Debtor's Motion neither describes exigent circumstances that merit a waiver of the credit counseling requirement nor states that the Debtor requested but was unable to obtain credit counseling for five days prior to the filing of the petition.  Therefore, the Motion fails to set forth the criteria for an exemption required by 11 U.S.C. § 109(h)(3).  In addition, there is nothing in the Motion which suggests that the Debtor should be excused from the credit counseling requirement under 11 U.S.C. § 109(h)(4).  It follows that the Debtor is ineligible to be a debtor under Title 11 of the United States Code.  Accordingly, it is hereby

ORDERED and ADJUDGED that the Debtor's Motion To Set Aside Requirements to Obtain Budget and Credit Counseling (Doc. 5) is DENIED, and this case is DISMISSED.

DONE and ORDERED in Tallahassee, Florida this 27th day of June, 2007.

LEWIS M. KILLIAN, JR.
United States Bankruptcy Judge

cc:  All parties in interest